Mario Pittoni, J.
Motion for summary judgment dismissing the complaint against the defendants Robert and Jerome Kaleko is granted.
The movants base their motion on evidence supporting the defenses of (1) accord and satisfaction, and (2) general release.
The papers reveal that between February and September, 1960, the plaintiff borrowed funds from the defendants, for which he executed promissory notes and delivered certain stock as security. The transactions were handled by a broker named Norman Cohen. The parties to the action never met. By the terms of the notes, which provided for a payment of 1%% of the principal monthly, it was also provided that if at any time the value of the stock was less than 20% in excess of the unpaid principal of the note secured, additional security was-to be given or the stock could be sold. On September 21,1960, the stock was sold, and according to the defendants, after all proper deductions and a cancellation of plaintiff’s indebtedness, the sum of $2,082.83 was due the plaintiff. On September 28, 1960 the plaintiff received a check in that amount and delivered to Norman Cohen a general release.
The plaintiff admits the receipt of the check, but he disputes the contents of the general release and the indebtedness paid by the check. He contends the check by Cohen was for an indebtedness arising from transactions other than those involving the defendants. No evidence whatsoever is offered to show any transactions with Cohen other than those for which the promissory notes were made to the Kalekos.
Cohen swears that on September 28, when Cohen’s attorney was present, the account between plaintiff and the defendants was discussed, approved, and payment was made in settlement thereof.
The plaintiff contends that the release, when executed by him, did not contain the names of Robert Kaleko and J eróme Kaleko. *551 Cohen’s attorney to the contrary swears that he prepared the release with the names of the defendants included before the plaintiff signed said release. The release itself does not reflect an insertion of the names of the defendants at a different time and no expert opinion has been submitted to the effect that those names were not included at the same time as the name of Norman Cohen.
That plaintiff is incorrect in asserting his indebtedness to the defendants on September 20, 1960 was $13,887.63 instead of $23,207.94 is revealed by his failure to note the sums of $4,905.81 and $4,414.50 in his complaint for purchases of 100 shares of Leesona and 300 shares of General Development Co. on or about August 26,1960 and July 5,1960 respectively. These sums total $9,320.31, and together with the sum admittedly due on September 20,1960, viz. $13,887.63, total the sum defendants claim was due, i.e., $23,207.94.
‘1 The purpose of summary judgment procedure is to search out the evidentiary facts and determine the existence of an issue from them. Bald conclusory assertions, even if believable, are not enough. Bald conclusory assertions, which defy reality and are inconsistent with the pattern of events, are even less so.” (Kramer v. Harris, 9 A D 2d 282, 283.)
Here, the plaintiff has offered no evidence to support his claim of an indebtedness by Cohen independent of that arising from the transaction with the defendants. He has submitted exhibits which reveal purchases made on his behalf for which he has not given the defendants credit. Clearly, the defendants have established that the amount due to them by the plaintiff on September 20, 1960 was $23,207.94. Therefore, they were entitled to sell the stock. They did so; the plaintiff was paid the net difference between the selling price and his indebtedness, and accordingly, the motion of the defendants is granted.